# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| ALONZO NOWELL | ) | Case No. 22-mj-12 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of December 21, 2021 in the county of Philadelphia in the Eastern District of Pennsylvania, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of a firearm. |

This criminal complaint is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.

/s/ Charles Ramsey
*Complainant's signature*

Special Agent Charles Ramsey, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 01/04/2022

/s/ Lynne A. Sitarski
*Judge's signature*

City and state: Philadelphia, PA

Hon. Lynne A. Sitarski, U.S.M.J.
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# CRIMINAL COMPLAINT AND ARREST WARRANT

I, Charles Ramsey, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I, Charles Ramsey, am an investigative law enforcement officer with the Bureau of Alcohol, Tobacco, and Firearms (ATF), am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18 of the United States Code, Sections 2516, 922g, 924c, as well as Title 21, United States Code, Sections 841(a)(l), 843(b), and 846. I am a Special Agent with ATF, and have been so employed since August 2016. I am currently assigned to ATF Philadelphia Group VII, which is a Firearms Enforcement Group whose primary responsibilities include investigating violent crime through the interdiction of firearms being possessed by violent criminals in Philadelphia, Pennsylvania. I have successfully completed the Criminal Investigator Training program (CITP) as well as the Special Agent Basic Training program (SABT). Prior to becoming a Special Agent, I was a Philadelphia Police Officer for three years. As a result of my training and experience, and that of my fellow investigators, I am familiar with investigations involving violations of federal firearms and narcotics laws, and I am familiar with federal search warrants and searching for and seizing evidence in accordance with the probable cause set forth in supporting affidavits. Throughout my training as a Special Agent with the ATF, I was trained to conduct physical surveillance, interview sources of information and defendants, serve and review telephone subpoenas, serve search warrants and arrest warrants, investigate firearms and narcotics trafficking, National Firearms Act (NFA) violations, Hobbs Act violations, undercover firearms and narcotic investigations, and the interception of wire communications. routinely refer to and utilize these laws and regulations during the course of my official duties. As a result of my training and

experience, and the experience of other agents, I am familiar with evidence in a criminal complaint affidavit to establish probable cause.

2. The information contained in this affidavit is known to me personally or has been relayed to me by other law enforcement officers or is based upon my review of law enforcement reports and other documents. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause to secure authorization to arrest Alonzo NOWELL, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause.

3. Based on the facts set forth below, I submit there is probable cause to believe that Alonzo NOWELL has committed the crime of being a convicted felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1).

## PROBABLE CAUSE

4. On December 21, 2021, at approximately 3:00PM, members of the Drug Enforcement Administration (DEA) Group 23 and PPD's 39th District Violent Crime Reduction Task Force (VCRT) set up a surveillance in the area of 3100 North 32nd Street, Philadelphia, PA in reference to previous narcotics arrests and investigations conducted in the area.

5. At approximately 6:00 p.m., DEA Task Force Officer (TFO) Kathaleen Cerebe observed an unknown black male (UM) wearing a dark jacket and dark pants with a gray beard walk south on 32nd Street from Allegheny Avenue and enter the front passenger side of a 2021 black Dodge Durango with PA license plate LRB-4160 that was parked on the west side of 32nd Street.[1] After approximately one minute, the UM got out of the Durango and stood on the sidewalk next to the passenger side of the Durango as he appeared to talk to the driver, later

---

[1] The Dodge Durango was leased to Alonzo Rufus NOWELL, Jr.

identified as Alonzo NOWELL. After approximately 30 seconds, the UM began walking south on 32nd Street.

6. As the UM was walking southbound on 32nd Street, a dark gray Nissan Altima with a temporary Virginia license plate stopped next to the UM. DEA TFO Cerebe observed the driver side door open, and the UM appeared to speak to the driver. After a short conversation, the UM handed the driver a small object in exchange for United States Currency. The Altima then traveled south on 32nd Street and then east on Clearfield Street.

7. Based on prior narcotics experience and training, and the circumstances of this transaction, DEA TFO Cerebe believed the observed occurrence was consistent with a narcotics transaction, and she gave the description and direction of travel of the Nissan Altima to back up officers.

8. At approximately 6:10 p.m., Philadelphia Police Officer (PO) Zachary Stout and PO Jesse Rosinski observed the Nissan Altima on the 3000 block of West Clearfield Street. Officers observed dark tint on the windows of the vehicle, which is in violation of Pennsylvania Motor Code Section 4524(e)(1). Due to the violation, PO Stout and PO Rosinski initiated a vehicle stop. The driver of the vehicle stated to PO Stout that he just purchased marijuana and that it was in the center console of the vehicle. PO Stout recovered one purple tinted container, containing a green bud substance, alleged marijuana, which was placed on a Philadelphia Property Receipt. The driver was issued a Code Violation Notice and was released.

9. At approximately 6:12 p.m., members of DEA 23 observed the Dodge Durango, operated by NOWELL, travel south on 32nd Street. Due to the prior observations and suspected narcotics recovered from the vehicle investigation of the Nissan Altima, members of DEA 23 followed NOWELL as he drove the Dodge Durango out of the area.

10. As members of DEA 23 followed NOWELL in the Dodge Durango, DEA TFO Sergeant Andrew Callaghan observed NOWELL driving erratically as NOWELL committed several traffic violations. NOWELL stopped at a red light at the intersection of 23rd Street and Indiana Avenue, but then proceeded through the red light at a high rate of speed. DEA TFO Sergeant Callaghan then activated the lights and sirens on his unmarked government vehicle, signaling for NOWELL to pull over the Durango. NOWELL then drove northbound on 23rd Street at an excessive speed before eventually stopping on the 3100 block of North 22nd Street.

11. DEA TFO Callaghan approached the driver's side of Durango to speak with the driver, NOWELL. Due to NOWELL's involvement in the suspected drug transaction as detailed above, NOWELL's evasive driving, NOWELL's nervous behavior when speaking to TFO Callaghan, and the officers' presence in a high crime area in the dark, the officers ordered NOWELL out of the Durango to perform a frisk for officer safety, which included a search of the area of the Durango within the immediate reach of NOWELL. DEA TFO Sergeant Callaghan also requested a check of the back seat for additional passengers due to the lack of visibility from the Durango's dark tinted windows.

12. When looking into the back seat, officers noticed a black center console cup holder tray located between the two rear passenger seats, located just behind the front driver's seat, that was supposed to be lying flat on the floor, but which was partially raised, revealing a gap between the tray and the floor of the vehicle. Officers immediately noticed that the tray appeared to be tampered with, altered from its original state from when the vehicle was new from the factory. This area was within the immediate reach of NOWELL when he was seated in the driver's seat. The officers could see a firearm was partially visible in the tray gap. The

4

officers then pulled up the tray, which was on a hinge, revealing a secret trap compartment under the cup holder tray, which contained the firearm.

13. The firearm was seized from the secret trap compartment and determined to be a Glock, model 22, .40 caliber pistol bearing serial number RK938, with 15 rounds of ammunition and one round in the chamber. In addition to the Glock, officers recovered a separate Glock magazine containing 14 rounds of ammunition from the trap compartment. DEA TFO Sergeant Callaghan told the officers to recover the Glock for officer safety and instructed officers to move the vehicle to the Green Federal Building for safe keeping, in preparation for a search warrant. The firearm and magazines were placed on Philadelphia Property Receipts. Two DNA swabs were taken from the Glock and placed on Philadelphia Property Receipts.

14. NOWELL was identified as a felon and arrested by Philadelphia police officers for a firearm offense. A search incident to the arrest revealed that NOWELL was in possession of $1,812, two iPhones, and one white plastic RIFD card. Based on later examination, this RIFD card is believed to have been a magnetic key to unlock the secret trap compartment under the rear cup holder tray. All items were placed on Philadelphia Property Receipts.

15. Members of DEA Group 23, PPD's 39th District VCRT, and ATF attempted to interview NOWELL and advised NOWELL of his Miranda Rights. NOWELL invoked his right to have an attorney present and law enforcement personnel ended the interview. NOWELL read, initialed, and signed a DEA Advise of Rights form and it was placed into DEA evidence.

16. At approximately 9:59 p.m., members of DEA 23 and the PPD 39th District VCRT served a state search and seizure warrant on the Dodge Durango. Various documents were recovered in the name of Alonzo NOWELL. The items were placed into DEA evidence.

17. While serving the state warrant, PO Stout utilized the white RIFD card that was recovered from NOWELL to activate the hidden compartment from which the Glock was recovered.

18. At approximately 10:18 p.m., officers served a state search warrant for NOWELL's DNA. The DNA swabs were placed on a Philadelphia Property Receipt.

19. NOWELL was queried for a license to carry permit with negative results.

20. An interstate nexus expert with ATF determined this firearm was manufactured outside of the Commonwealth of Pennsylvania, thus by its possession by NOWELL in Pennsylvania, it traveled in interstate commerce.

21. I know that NOWELL was previously convicted of a crime punishable in excess of one year and is therefore prohibited from possessing firearms under federal law. On or about April 12, 2013, NOWELL pleaded guilty to and was convicted of Firearm Carried without a License (18 Pa.C.S. § 6106(a)(1)), which is a 3rd Degree Felony punishable up to two years in the Commonwealth of Pennsylvania. As part of the guilty plea, NOWELL signed a plea form indicating that he knew he was pleading guilty to an offense with a statutory maximum sentence of two years, and that he knew he could be sentenced to serve that maximum time in prison. Additionally, on or about March 19, 2013, NOWELL pleaded guilty to and was convicted of Robbery (18 Pa.C.S. § 3701(a)(1)(i)), which is a 1st Degree Felony punishable by up to more than ten years' incarceration, and for which NOWELL was actually sentenced to four to eight years' incarceration.

## **CONCLUSION**

22.     Based on the above information, and my experience and training as an ATF special agent, I believe there is probable cause to arrest Alonzo NOWELL for being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1).

Respectfully submitted,

*/s Charles Ramsey*
Charles Ramsey
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me
on January 4, 2022

/s/   Lynne A. Sitarski
HON. LYNNE A. SITARSKI
United States Magistrate Judge